THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS PALACIOS AMADOR, Defendant and Appellant.

No. CR-67-206.      Decided November 29, 1968.

*Rafael L. Ydrach Yordán* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

PER CURIAM: On the night of September 6, 1966 and by virtue of a search warrant issued by a judge of the District Court, police officers searched the residence of Carlos Palacios Amador, situated at 210 Merhoff Street in Villa Palmeras, Santurce, Puerto Rico, seizing therein material related to the game of bolita.

In the sworn statement which served as the basis for the issuance of the search warrant, agent Padilla stated that about 7:00 or 8:00 p.m. on Sunday, September 4, 1966, he was together with Carlos Palacios Amador on Juncos and Merhoff Streets in Villa Palmeras; that Palacios met José Soto Zaragoza, who was driving a Thunderbird, license plate No. 759-867, on Merhoff Street, near Palacios Amador's residence; that Soto delivered to Palacios several bolipool notebooks, and the latter, after examining them in the carport of his residence and putting them together with others which he took out from a Pontiac, counted them, and then entered his residence and put them on the dining-room table; that the notebooks were light green, having three-digit figures printed in red ink.

Agent Padilla also stated in the aforementioned sworn statement that about 2:00 p.m. on Tuesday, September 6, 1966 he saw when a person, whom he described, delivered to

Carlos Palacios Amador, through the grating of his residence, a package in a paper bag, telling him: "take this, it is from el Junque," and then the person left; that after taking the package Palacios continued talking for some time to the deponent through the grating, and later told him: "well, my dear, I leave you because I am going to check the collection from el Junque."

Carlos Palacios Amador and José Soto Zaragoza were accused of violating the Bolita Act on the basis of the facts which occurred on September 4, 1966. The cases are identified in the trial court by Nos. M-66-1659 and M-66-1660. After the corresponding trial was held before Judge Gerardo Carreira Más, both defendants were acquitted. In rendering judgment the judge stated that he was in doubt as to the statement offered at the trial by policeman Padilla, in relation to the presence of Soto Zaragoza's automobile at the scene of the occurrence on September 4, 1966.

Carlos Palacios Amador and his wife Josefina Colón de Jesús were also accused of violating § 4 of Act No. 220 of 1948 (Bolita Act) because on the night of September 6, 1966 they had in their possession and control and in their residence, material connected with the game of bolita and/or bolipool.[1]

The trial having been held before another judge of the Superior Court, San Juan Part, Mrs. Colón de Jesús was acquitted and Carlos Palacios Amador was found guilty.

On appeal appellant Palacios assigns the following errors: (1) dismissing the defense of res judicata raised by defendant, (2) denying the motion for the suppression of evidence, (3) sustaining the validity of an unreasonable, unconstitu-

---

[1] The material seized in defendant's residence consisted of 379 lists of three-digit figures followed by a dash and other quantities on the right-hand side jotted down in different classes, sizes, and colors of paper, 1 three-digit figure bolipool notebook printed in black ink inside a red square containing the words "wahoo P.R." with printed figures from 021 to 948, $165.74 in American currency of different denominations, and a ballpoint pen.

tional and ineffective search, and (4) sentencing the defendant on incredible, extremely doubtful evidence, strongly tinged with the element of fabrication.

■ The first error referring to the dismissal of the defense of res judicata lacks merit. Appellant bases his argument on the fact that Judge Carreira Más having acquitted Palacios of the accusation charging the commission of a violation of the Bolita Act on September 4, 1966, said acquittal having been grounded on the fact that the judge did not give credit to agent Padilla's testimony, he thereby adjudged the falsity of Padilla's sworn statement, which supported the issuance of the search warrant, as final and unappealable, and consequently the violations committed by Palacios on September 6, 1966 (possession and control of bolita and/or bolipool material) had been adjudged also.

In the first place Judge Carreira Más did not decide that Padilla's sworn statement was false. In said sworn statement Padilla referred to some facts which occurred on September 4, 1966 and others which occurred on September 6 of the same year. The latter facts were not involved in the first proceeding followed against Palacios in relation to the violations committed on September 4. Palacios' acquittal is based on the lack of credibility of Padilla's testimony offered in open court at the trial. The judge did not make any pronouncement as to the falsity of the sworn statement which served as the basis for the issuance of the search warrant. The case of *People* v. *Lugo*, 64 P.R.R. 529 (1945), cited by appellant, does not favor his theory. The falsity of Padilla's sworn statement was not adjudicated herein. If it had been, maybe the defendant could have raised the question in a motion to suppress the evidence seized during the execution of the search warrant, and which was used as evidence in the prosecution for the facts which occurred on the night of September 6, 1966.

The second and third errors, which refer to the refusal to suppress evidence and the lack of validity of the search, were not committed either.

■ The search is not unreasonable because a police officer, acting as undercover agent, has seen Palacios violate the law on September 4 and on the 6th of the same month, and did not proceed to his immediate arrest. Bear in mind that on September 6 Palacios was inside his residence when he received, through the grating, the collection of el Junque. On that same day the agent made his sworn statement and obtained the search warrant. The search and seizure not being unreasonable and the same having been executed under a valid search warrant, the suppression of the evidence seized was not proper.

■ The fourth error was not committed either. The record does not show that the evidence was fabricated by the police. It is not incredible either, nor is it similar to that of *People v. Ayala Ruiz*, 93 P.R.R. 686 (1966). There can be no doubt whatsoever in this case that defendant's residence having been searched all the bolita and/or bolipool material presented in evidence was seized therein.

The judgment appealed from will be affirmed.

Mr. Justice Santana Becerra concurs in the result.

